UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case Nos. 3:18-cr-00055-MMD-WGC; |
| Plaintiff, | 3:18-cr-00057-MMD-WGC |
| v. | |
| JOSE VALENTIN MORA, *et al.*, | ORDER |
| Defendants. | |
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| JOSE VALENTIN MORA, *et al.*, | |
| Defendants. | |

Defendant Jose Valentin Mora ("Mora") filed a *pro se* petition ("Petition") for review of his conviction for the offense of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Offense") charged in count one of the Superseding Indictment (ECF No. 89 at 1–2) under *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019).[1] (The 57 Case, ECF No. 808.) The Court will deny the Petition.

The Court will first address Mora's former counsel's motion to withdraw and to appoint counsel for Mora. (The 57 Case, ECF No. 811.) Deputy Federal Public Defender Christopher P. Frey and the Federal Public Defender ("FPD") represented Mora in both the 55 Case and the 57 Case. General Order 2019-06 appointed the FPD to presumptively represent any defendants to determine if they qualified for relief under 18 U.S.C. § 2255

///

---

[1]The Petition is filed in Case No. 3:18-cr-00057-MMD-WGC ("the 57 Case"). However, Mora was convicted of the Offense in Case No. 3:18-cr-00055-MMD-WGC ("the 55 Case"). The Court will direct this order to be filed in both cases. All citations will be to the 55 Case unless noted otherwise.

in light of *Rehaif*. That Order further provides for the FPD to seek to appoint counsel for any individual defendant in the event of a conflict of interest. The FPD asserts such a conflict exists here because the FPD represented Mora in the underlying cases. (the 57 Case, ECF No. 811.) The Court agrees that a conflict exists and will grant the FPD's motion to withdraw. However, the Court denies the FPD's request for appointment of counsel to represent Mora because Mora is clearly not entitled to relief under § 2255 in light of *Rehaif*.

Under section 2255(a), a sentencing court is authorized to grant habeas relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Court construes Mora's Petition as challenging the sentence imposed on the Offense violating *Rehaif*. In that case, the Supreme Court held that under 18 U.S.C. §§ 922(g) and 924(a)(2), the government must prove that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm" when he possessed the firearm. 139 S. Ct. at 2200. Mora presumably challenges this element—that he did not possess the requisite scienter or knowledge. [2] But while the Indictment (ECF No. 1) did not allege scienter, the government cured this defect before Mora pleaded guilty.

The Superseding Indictment alleged that Mora knew he had been convicted of a crime punishment by imprisonment for a term exceeding one year—Trafficking in a Controlled Substance in violation of NRS § 453.3385 on May 1, 2007—and that he knew he possessed a firearm. (ECF No. 89 at 1–2.) The evidence is uncontroverted that Mora knew of his status as a prohibited person. Mora admitted to these facts in the Plea

///

---

[2] Mora had moved to dismiss the Indictment for failure to allege that he knew of his prohibited person status as required under *Rehaif*. (ECF No. 63.) The Court denied the motion, finding that the Superseding Indictment rendered the argument as to lack of scienter moot. (ECF No. 95.)

Agreement. (ECF No. 109 at 38–40.) He admitted that he knew he had been convicted of a crime punishment by imprisonment for a term exceeding one year at the change of plea hearing. Based on these admissions, the Court found that the essential elements of the Offense were satisfied in accepting Mora's guilty plea to the Offense. Moreover, the Presentence Investigation Report ("PSR") shows that Mora was indeed convicted of the felony offense of Trafficking in a Controlled Substance in violation of NRS § 453.3385(3) in March 2007; and on May 1, 2007, he was sentenced to 10 to 25 years imprisonment.[3] (PSR at ¶ 163.) He was released on parole in December 2016, which meant he was in custody for over eight years. (*Id.*) The records here leave no doubt that Mora knew of his status as a person prohibited from possessing a firearm. Mora is simply not entitled to relief in light of *Rehaif*.

It is therefore ordered that the Federal Public Defender's motion to withdraw (ECF No. 811) is granted. However, the request for counsel to be appointed to represent Mora is denied.

It is further ordered that Defendant Jose Valentin Mora's petition for review (the 57 Case, ECF No. 808) is denied.

DATED THIS 26th day of June 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The Court will direct the PSR to be filed under sealed in the 55 Case.