UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>v.<br>JOSE VALENTINE MORA,<br><br>                              Defendant. | Case No. 3:18-cr-00057-MMD-WGC<br>Related Case: 3:21-cv-00436-MMD<br><br>ORDER |

**I.      SUMMARY**

On October 18, 2019, Defendant Jose Valentine Mora pled guilty unconditionally to Conspiracy to Possess with Intent to Distribute and to Distribute at least 50 Grams of Actual Methamphetamine and 500 Grams of a Mixture and Substance Containing a Detectable Amount of Methamphetamine under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846.[1] (ECF No. 590.) The Court sentenced Mora to 168 months, to be served concurrent with the sentence imposed in Case No. 3:18-cr-00055-MMD-WGC. (ECF No. 713.) Judgment was entered on February 10, 2020. (*Id.*)

On September 30, 2021, Mora filed a document with a signature date of August 15, 2021, which the Court construes as a motion to vacate, set aside or correct his conviction and sentence under 28 U.S.C. § 2255. (ECF No. 866 ("Motion").) The Motion appears to argue that based on the drug quantity of 500 grams of methamphetamine, the sentence imposed should have been 70 months, and requests the Court to grant Mora's release. (*Id.* at 2.) Because the Court finds the records conclusively show Mora is not entitled to his requested relief—and as further discussed below—the Court determines no response is needed from the government and will deny Mora's Motion. Nevertheless, the Court directs that the Motion and this order be served on the United States.

---
[1] Mora also pled guilty to Felon in Possession of a Firearm in a separate case, Case No. 3:18-cr-0055-MMD-WGC.

## II.  DISCUSSION

First and foremost, the Motion is untimely. Under 28 U.S.C. § 2255(f), a "1-year period of limitation" applies and runs from the latest of four time-triggers.[2] *See* 28 U.S.C. § 2255(f). Mora's Motion leads to only one conclusion in terms of the when the statute begins to run—that is from the date the judgment of conviction becomes final. Here, judgment was entered on February 10, 2020, and Mora did not file a direct appeal. Therefore, the one-year limitation period expired on February 11, 2021. Even if the Court were to view the filing date as the date Mora signed the Motion—August 15, 2021—Mora's Motion would still be filed outside of the one-year limitation period in violation of § 2255(f).

Second, Mora's claim is procedurally defaulted. While a defendant is permitted to attack the legality of his or her sentence or conviction, a defendant who fails to raise the claim on direct appeal is procedurally defaulted unless the defendant can demonstrate: (1) cause and prejudice; or (2) actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted); *United States v. Frady,* 456 U.S. 152, 167-68 (1982). Mora did not appeal his conviction and it is not clear to the Court that he can show cause and prejudice and he does not claim actual innocence.

Third, Mora pled guilty unconditionally and therefore waived his right to make any non-jurisdictional challenges to the indictment under the rule announced in *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). (ECF No. 601 at 45-46.) Mora's Motion contains general allegations that the Court lacks jurisdiction, but the Court finds these general

---

[2]The four time-triggers are: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1)-(4).

2

1  statements do not apply here. The Court thus finds Mora's claim is barred by his guilty
2  plea.
3        Finally, Mora's claim also fails even if the Court reaches the merits. Mora's Motion
4  appears to argue his base offense level under the United States Sentencing Guidelines
5  should have been offense level 30 because the drug amount was: "[a]t lease 500 grams
6  but less than 1.5 KG of methamphetamine, or at least 50 G but less than 150 G of
7  methamphetamine (actual), 500 G of methamphetamine carries an offense level 30."
8  (ECF No. 866 at 2.) However, the Court agreed with the United States Probation
9  Department's determination that the base offense level was 38 because Mora admitted
10 that the total amount of methamphetamine seized in the conspiracy exceeded five
11 kilograms. (*See* Presentence Investigation Report, ¶ 147.) The amount seized was 5,520
12 grams of actual methamphetamine. (*Id.* at ¶ 141.) Mora admitted to this amount in the
13 plea agreement.[3] (ECF No. 601 at 38.) Thus, Mora's contention that the drug amount was
14 500 grams of methamphetamine is contrary to his prior admission and the records in this
15 case.

### III. CERTIFICATE OF APPEALABILITY

Before Mora can appeal the Court's decision to deny his Motion, Mora must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22; 9th Cir. R. 22-1; *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). To receive such a certificate, a petitioner must make "'a substantial showing of the denial of a constitutional right' as to each issue the petitioner seeks to appeal." *Washington*, 653 F.3d at 1059 (quoting 28 U.S.C. § 2253(c)(2), (3)). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court determines that reasonable jurists would not find its reasoning debatable or wrong. Accordingly, the Court will deny Mora a certificate of appealability.

---

[3]Mora also agreed to not argue for a sentence of less than 120 months. (ECF No. 601 at 44.)

## IV. CONCLUSION

It is therefore ordered that Defendant Jose Valentin Mora's motion to vacate, set aside, or correct his conviction and sentence (ECF Nos. 866) is denied.

It is further ordered that Mora's motion to vacate, set aside, or correct his conviction and sentence (ECF Nos. 866) and this order be served on the United States.

It is further ordered that a certificate of appealability is denied.

The Clerk of Court is directed to enter judgment in accordance with this order and close this case and the related civil case.

DATED THIS 12th Day of October 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE